**UNITED STATES of America**

v.

**Arthur J. FREIJE, Russell P. Saia, and Alfred Sarno.**

**Cr. No. 6787.**

United States District Court
D. New Hampshire.

April 25, 1968.

Louis M. Janelle, U. S. Atty., Concord, N. H., for plaintiff.

James M. Winston, Manchester, N. H., for defendant Freije.

Alexander J. Kalinski, Manchester, N. H., for defendant Saia.

Matthias J. Reynolds, Manchester, N. H., for defendant Sarno.

MEMORANDUM

CAFFREY, District Judge.*

Arthur J. Freije, Russell P. Saia, and Alfred Sarno were indicted in a twelve-

* Sitting by designation.

count indictment charging various violations of 18 U.S.C.A. sec. 2312 (the so-called Dyer Act), and 18 U.S.C.A. sec. 371 (conspiracy to violate the Dyer Act).

The case was called for trial on January 26, 1967, and a jury was impaneled. Immediately thereafter, and prior to the opening statement by the attorney for the Government, counsel for the defendant Saia advised the presiding judge in open court in the presence of the jury that Saia wished to withdraw his not guilty plea as to Counts 1 through 6 and to enter a plea of guilty thereto. Counsel further advised the Court that Saia would not change his plea as to two other counts in which he was named, Counts 9 and 12. The prosecutor advised the Court that if Saia proceeded with his change of plea, Counts 9 and 12, as they related to him, would be dismissed at the appropriate time. Saia's counsel then requested an opportunity to retire to an adjoining attorneys' consultation room with his client, stating that he wished that he "might have just a minute to be sure he understands." Saia and his attorney retired briefly to the conference room and then returned to the courtroom, whereupon, at the Court's direction, the Clerk accepted a change of plea as to Counts 1 through 6. The sole communication by the Court with Saia personally consisted of the following: "All right. Sit down."

Rule 11, Federal Rules of Criminal Procedure, as last amended, on February 28, 1966, became effective July 1, 1966 and was in full force and effect on January 26, 1967. It provides in pertinent parts as follows:

" * * * The court may refuse to accept a plea of guilty, and shall not accept such plea * * * without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. * * * The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

The 1966 amendment to Rule 11 made three changes. The first was the addition of the words [without] "first addressing the defendant personally." The second change added, after the clause "determining that the plea is made voluntarily with understanding of the nature of the charge," the words "and the consequences of the plea." The third change was the addition of a new final sentence, "The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

The obvious purpose and undoubted effect of these amendments to Rule 11 was to make it mandatory on all United States district judges that they personally, and in open court, make direct inquiry of the defendant himself in such a manner as to establish on the record of the proceedings (a) that the defendant understands the nature of the charge or charges against him; (b) that he understands the consequences of a guilty plea, including the maximum sentence applicable to each count to which he pleads guilty; (c) that the plea of guilty or change of plea is voluntary on the part of the defendant; and (d) that there exists a basis in fact for the guilty plea. None of these requirements of Rule 11 may be waived by a defendant or dispensed with by a trial judge under any circumstances.

The transcript of the hearing held in this court on January 26, 1967 unequivocally establishes a total non-compliance with each of these four mandatory dictates of Rule 11. Thus it follows that Saia's attempt to withdraw his not guilty plea and plead guilty is a nullity and that the sentence imposed on the basis of a guilty plea accepted in total disregard of Rule 11 is likewise illegal and void.

In light of the foregoing, the motion filed *pro se* by Saia, bearing the

docket number of the criminal case, is treated hereby as a motion filed under Rule 32(d) of the Federal Rules of Criminal Procedure. No hearing is necessary prior to the allowance of this motion, since the purported change of plea which Saia seeks to set aside in his motion cannot stand in the face of the total non-compliance with Rule 11.

Consequently, the plea of guilty entered on January 26, 1967 and the sentence imposed on Saia on February 2, 1967 are vacated, his plea of not guilty is reinstated as to Counts 1 through 6 of the indictment,[1] and the case is assigned for trial on Tuesday, April 30, 1968.

---

1. Because the change of plea was taken after a jury was impaneled, defendant Saia receives the benefit of the Fifth Amendment provision re double jeopardy as to Counts 9 and 12 of the indictment which were dismissed.